# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DINO JAY SCHWERTZ** | **CIVIL ACTION** |
| **versus** | **NO. 09-7234** |
| **ANGOLA STATE PRISON, ET AL.** | **SECTION: "D" (1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Dino Jay Schwertz, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On April 2, 2009, he was convicted of one count of aggravated rape and one count of molestation of a juvenile in violation of Louisiana law.[1] On May 15, 2009, he was sentenced on the aggravated rape conviction to a term of life imprisonment without benefit

---

[1] State Rec., Vol. V of VI, trial transcript, p. 1088; State Rec., Vol. I of VI, minute entry dated April 2, 2009.

of probation, parole, or suspension of sentence.[2] On August 6, 2009, he was found to be a second offender and was sentenced as such on the molestation conviction to a consecutive term of twenty years imprisonment.[3] He is currently challenging his convictions and sentences on direct appeal in the state courts.

On October 29, 2009, petitioner filed the instant federal petition for *habeas corpus* relief.[4] The state correctly notes that the petition must be dismissed without prejudice because petitioner has not yet exhausted his state court remedies.[5]

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts. "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

On February 11, 2010, this Court confirmed by telephone that petitioner's direct appeal, State v. Schwertz, No. 2009-KA-2183, is still pending before the Louisiana First Circuit Court of Appeal and that no writ applications whatsoever have been filed with the Louisiana

---

[2] State Rec., Vol. V of VI, trial transcript, p. 1117-18; State Rec. Vol. I of VI, minute entry dated May 15, 2009.

[3] State Rec., Vol. V of VI, transcript of August 6, 2009, p. 14; State Rec. Vol. I of VI, minute entry dated August 6, 2009; State Rec., Vol. I of VI, Reasons for Judgment dated August 13, 2009.

[4] Rec. Doc. 1.

[5] Rec. Docs. 8 and 9.

Supreme Court with respect to these convictions and sentences. Therefore, petitioner's convictions are not yet final and his state court remedies have not been exhausted.

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Dino Jay Schwertz be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this twelfth day of February, 2010.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.